23587

Benjamin BOSTICK and Patti Major Bostick, Respondents v. The CITY OF BEAUFORT, Henry C. Chambers, Charles A. Bush, Jack Queener, Fred Washington, Jr., Edie M. Rodgers, The Mayor and members of the City Council of the City of Beaufort, Appellants.

(415 S.E. (2d) 389)

Supreme Court

*William B. Harvey, III* of *Harvey & Battey, P.A.,* Beaufort, *for appellants.*

*Joab M. Dowling, Jr.* of *Dowling, Sanders, Dukes & Williams,* Beaufort, *for respondents.*

Heard Jan. 20, 1992.

Decided March 2, 1992.

FINNEY, Justice:

Appellants, the Mayor and members of the City Council of the City of Beaufort (City), appeal from an order of the Master-in-Equity which denied the City's motion for summary judgment and granted summary judgment to Respondents Benjamin Bostick and Patti Major Bostick (the Bosticks). We affirm.

In 1989, the City received three petitions for annexation of 312.5 acres of land contiguous to its boundary. Pursuant to S.C. Code Ann. § 5-3-150(1) (1976), the City elected to include in the annexation four parcels totaling 121.3 acres owned by the Bosticks and described as Parcels 105, 105A, 105B and 105C, Map 29, District 100, which were not on the petitions. The Bosticks did not sign the petitions for annexation. On March 14, 1989, annexation was completed by adoption of Ordinance 0-07-89.

By complaint dated June 6, 1989, the Bosticks filed suit contesting annexation of their property. On September 28, 1989, the master granted summary judgment in favor of the Bosticks, ruling the annexation null and void as to their parcels. The master found that the petitions relied upon for annexation were not in compliance with section 5-3-150(1) in that 1) two of the three petitions were not dated; and 2) none of the petitions contained a description of the Bosticks' property, nor were the four parcels shaded on the plat as was the other area proposed for annexation.

On December 12, 1989, the City adopted Ordinance 0-31-89 purportedly repealing Ordinance 0-07-89 and annexing the area previously annexed, including the Bosticks' property. By complaint dated February 6, 1990, the Bosticks instituted this action alleging 1) that Ordinance 0-31-89 was null and void in its entirety and specifically as to their parcels; and 2) that the City had engaged in a frivolous lawsuit under section 15-36-10. The City answered, and both parties moved for summary judgment.

The motions were heard November 15, 1990, and the master granted summary judgment in favor of the Bosticks, declaring the annexation of their property null and void. The City's motion for summary judgment was denied. The master

dismissed, *ex mero motu*, the Bosticks' cause of action claiming a frivolous lawsuit. Additionally, the master made the following findings:

1. That Ordinance 0-07-89, when enacted on March 14, 1989, was valid as to all parcels annexed, with the exception of the Bosticks' property, and that the described property became a party of the City;

2. That the City had received no petition to reduce the corporate limits and had held no election to do so in order to annex the property annexed by Ordinance 0-07-89;

3. That the petition dated October 16, 1989, was not signed by any persons other than the owners of property annexed by Ordinance 0-07-89; that such petition was not in compliance with § 5-3-150 and was not a valid basis for any annexation.

On appeal, the City alleges the master erred in the following particulars:

1. In ruling that, except for the lack of mention of the Bosticks' property, the three petitions giving rise to Ordinance 0-07-89 were proper in form;

2. In failing to find that Ordinance 0-31-89 constituted the correction and validation of technical and procedural deficiencies of Ordinance 0-07-89; and

3. In ruling that Ordinance 0-31-89 constituted a reduction of corporate limits in violation of § 5-3-280.

We disagree.

The pertinent part of Section 5-3-150 provides as follows:

(1) Any area or property which is contiguous to a city or town may be annexed to the city or town by filing with the municipal governing body a petition signed by seventy-five percent or more of the freeholders . . . This method of annexation shall be in addition to any other method authorized by law; provided, that no such property shall be annexed unless the following has been complied with: (1) The petition shall be dated before the first signature is affixed thereto and all necessary signatures must be obtained within six months from the date of the petition . . . (4) *The petition shall contain a description of*

*the area to be annexed and there shall be attached to the petition a plat of the area to be annexed . . .* (Emphasis added.)

If an ordinance enacted by a municipality is beyond its powers, no subsequent action in relation thereto by the municipality can give it validity. But if a municipality has power to pass an ordinance and the enactment thereof is, for any reason defective, the municipality is empowered to validate such ordinance. C.J.S. *Municipal Corporations,* Section 432, p. 828 [*quoted in Jennings v. Charleston & W.C. Ry. Co.,* 218 S.C. 144, 62 S.E. (2d) 114, 118 (1950)].

Procedural or technical deficiencies in an ordinance may be corrected by a subsequent ordinance, but not substantive defects. We conclude that omission of the date from two of the petitions constituted a technical flaw in Ordinance 0-07-89. This flaw was corrected by Ordinance 0-31-89, which effectively ratified the valid portion of Ordinance 0-07-89.

Conversely, the omission of descriptions for the area to be annexed and failure to also shade such property on the plat which shows shaded the area to be annexed is a substantive defect in the petitions. We find that Ordinance 0-07-89 was fatally flawed from its inception as to annexation of the Bosticks' property. Ordinance 0-07-89 bestowed authority to annex only the property listed and described in the petitions. Hence, no subsequent action by the City could validate a portion of the ordinance which was a nullity upon origination.

Accordingly, the ruling of the master is affirmed.

Affirmed.

HARWELL, C.J., TOAL and MOORE, JJ., and ALEXANDER M. SANDERS, Jr., Acting Associate Justice, concur.