24131

CITY OF COLUMBIA, Respondent v. TOWN OF IRMO, A. Maxey Carter, in his official capacity as mayor of the Town of Irmo; Walter W. Lindler, Charles E. Snow, Charlie Tyer and Laurie Langston, in their official capacities as members of the Council of the Town of Irmo, Appellants.

(447 S.E. (2d) 855)

Supreme Court

*S. Jahue Moore* of *Kirkland, Wilson, Moore, Allen, Deneen & Taylor,* West Columbia, *for appellants.*

*Roy D. Bates* and *James S. Meggs* of *Office of the City Atty.,* Columbia, *for respondent.*

Heard May 3, 1994.

Decided July 18, 1994.

CHANDLER, Justice:

In this annexation case, Appellants (Irmo) appeal an Order granting summary judgment to Respondent City of Columbia (City). We affirm.

## FACTS

Both Irmo and City claim jurisdiction over the Columbiana Center area of Richland County. City annexed the area on February 19, 1990, effective December 31, 1990. Prior thereto, on February 19, 1990, City had annexed two other parcels contiguous to the Columbiana area, which annexation severed Irmo's contiguity to the Columbiana area. Irmo attempted to annex the same Columbiana area by Irmo Ordinance 90-06, adopted June 26, 1990.

City brought this action,[1] seeking to enjoin irmo from exercising jurisdiction over the area and to declare Irmo Ordinance 90-06 void. Trial Court granted City's motion for summary judgment, holding that Irmo Ordinance 90-06 was void in that the Columbiana area had already been annexed by City four months earlier. Irmo was enjoined from exercising jurisdiction in the Columbiana Center area, and appeals.

## ISSUE

Does City have sole jurisdiction over the Columbiana Center area?

## DISCUSSION

Irmo contends there is a genuine issue of material fact as to when City's annexation was effective. It argues that its Ordinance 90-06 perfected the annexation of the Columbiana area on June 26, 1990, while City's annexation of the same area was not final until December 31, 1990. Irmo also petitions the Court to adopt a "prior pending proceedings rule," which would determine the rights of the parties based upon the time when annexation proceedings were commenced, not finalized.

City adopted three (3) ordinances in February of 1990:

---

[1] Irmo also brought suit to have Columbia's annexation declared void. The case was dismissed by this Court for lack of standing. *Quinn v. City of Columbia,* 303 S.C. 405, 401 S.E. (2d) 165 (1991). Irmo then asserted by way of counterclaim to this suit that Columbia's annexation was invalid. The counterclaim was also dismissed for lack of standing. *City of Columbia v. Town of Irmo,* 308 S.C. 490, 419 S.E. (2d) 231 (1992).

(1) Ordinance 90-25
- adopted on February 14, 1990
- effective December 31, 1990
- includes a portion of Columbiana Center Mall property
(2) Ordinance 90-30
- adopted February 19, 1990
- effective February 19, 1990
- includes property of Mall Boulevard Corporation
(3) Ordinance 90-31
- adopted February 19, 1990
- effective February 19, 1990
- includes property of The Harbison Group

These areas were annexed pursuant to S.C. Code Ann. § 5-3-150(3) (1977), which provides that any property contiguous to a city may be annexed by filing a petition signed by all persons owning real estate in the area (100% freeholder petition method).

Trial Court found that Irmo Ordinance 90-06, enacted June 26, 1990, was void since City's Ordinances 90-30 and 90-31 had established an unbroken barrier to contiguity between Irmo and the Columbiana Center property sought to be annexed. The Irmo Ordinance included the same property annexed by City through Ordinances 90-30 and 90-31, which ordinances were clearly effective on February 19, 1990. Therefore, the fact that the effective date for City's annexation of the Columbiana Center property was not until December 31, 1990, was of no import.

Moreover, Trial Court held that the City's 100% freeholder petitions were "regular on their faces." On the other hand, Irmo's 75% freeholder petitions failed to comply with the requirements of S.C. Code Ann. § 5-3-150(1) (1977).

It is well settled that summary judgment is appropriate only where there is no genuine issue of material fact. Rule 56, SCRCP. The Court must construe all ambiguities, conclusions, and inferences arising from the evidence against the moving party; however, the opposing party may not rest upon mere allegations or denials, but must respond with specific facts showing a genuine issue. *Owens v. Magill*, 308 S.C. 556, 419 S.E. (2d) 786 (1992).

Irmo has failed to present any evidence refuting the irregularities found in its petitions or its lack of contiguity to the Columbiana property. Moreover, it has no standing to assert claims of illegality in City's annexation proceedings. *City of Columbia, supra; Quinn, supra.*

There is a presumption in favor of regularity in annexation proceedings. 1959-60 Op. Atty. Gen. 90; *Elwood Constr. Co. v. Richards*, 265 S.C. 228, 217 S.E. (2d) 769 (1975). The record here shows that City's annexation petitions were in compliance with all statutory requirements. The areas annexed by City effective February 1990 established a barrier to Irmo's contiguity to the Columbiana Center area. Accordingly, we agree with Trial Court that City has sole jurisdiction over the Columbiana Center area.

We decline to reach the issue of whether the "prior pending proceedings" rule should be adopted by this Court. The "prior pending proceedings rule" provides that where two municipalities attempt to annex the same area at approximately the same time, the legal proceedings first instituted, if valid, have priority. 1 Antieau *Municipal Corporation Law* § 1A.16 (1993); 2 McQuillan *Municipal Corporation* § 7.22A (1966). Here, there is no showing that Irmo commenced *valid legal* proceedings prior to the effective date of City's Ordinances 90-30 and 90-31.

Affirmed.

HARWELL, C.J., FINNEY, J., and JASPER M. CURETON and C. TOLBERT GOOLSBY, JR., Acting Associate Justices, concur.