LOCKEMY, C.J.:
**50 This case comes before this court on remand after our supreme court's decision in Vicary v. Town of Awendaw , 425 S.C. 350, 822 S.E.2d 600 (2018), with instructions to address the Town of Awendaw's arguments that the circuit court erred in finding: (1) the Town never received a proper petition requesting the annexation of land within the Francis Marion National Forest (Ten-Foot Strip); (2) the Town falsely claimed it had a proper petition to annex the Ten-Foot Strip; (3) the Town was estopped from asserting a statute of limitations defense; and (4) the statutory time period for challenging the annexation was tolled. We affirm the circuit court.
FACTS/PROCEDURAL BACKGROUND
The merits of this appeal concern three parcels of land the Town seeks to use as links in a chain necessary to satisfy contiguity requirements for annexation. The first link, the Ten-Foot Strip, is a ten-foot wide, 1.25 mile-long parcel of land in the National Forest, which is managed by the United States Forest Service. The second link is property owned by the Mt. Nebo AME Church (Church Tract), and the third link is approximately 360 acres of unimproved real estate surrounded by the National Forest on three sides (Nebo Tract).
In the fall of 2003, the Town sought to annex the Ten-Foot Strip, which required a petition signed by the Forest Service. The Town's representatives sent the Forest Service four letters from November 2003 through February 2004 in an effort to obtain its approval. Through verbal discussions, the Town learned the Forest Service was generally opposed to annexations because of their impact on the Forest Service's ability to conduct controlled fire burns. Additionally, the *231 Forest Service indicated any petition would likely have to come from officials in Washington D.C., a process that could take several years. Thereafter, without receiving written authorization, the Town annexed the Ten-Foot Strip. In doing so, the Town relied on a 1994 letter from a Forest Service representative, stating it had "no objection" to annexing several strips of property within the same vicinity. However, the Town realized **51 the letter may have not clearly related to the proposed annexation, as it noted in a 2003 letter to the Forest Service, "Although we did previously receive a letter from the forest department giving Awendaw the right of way, that documentation is unclear...We would like to clarify that you will allow the Town to annex the portion of your property that is necessary in order to annex Mt. Nebo AME Church [the Church Tract]."
Despite the 1994 letter being a decade old and ostensibly not involving the same property, in May of 2004, the Town passed an ordinance, purportedly under the 100% petition method, claiming it had obtained a signed annexation petition from the Forest Service. Relying on the annexed Ten-Foot Strip to satisfy contiguity, the Town passed another ordinance annexing the Church Tract after receiving a petition from church representatives.
Five years later, EBC, LLC, the owner of the Nebo Tract, requested the Town annex its property pursuant to the 100% petition method. On October 1, 2009, the Town passed an ordinance annexing the property, and simultaneously rezoned it as a "planned development" to permit residential and commercial development. In annexing the property, the Town relied on the Church Tract and the Ten-Foot Strip to establish contiguity. Without either component, there would be no contiguity and annexation would be impossible.
In November 2009, Lynne Vicary, Kent Prause, and the South Carolina Coastal Conservation League (Respondents) filed a complaint against the Town and EBC, which they amended in April 2010, alleging, inter alia , the Town lacked authority to annex the Ten-Foot Strip because the Forest Service never submitted a petition for annexation. The Town and EBC moved for partial summary judgment, contending Respondents lacked standing to challenge the annexation and regardless, the statute of limitations barred their claims. The circuit court denied partial summary judgment on both grounds, finding Respondents had standing to challenge the Town's annexation of the Ten-Foot Strip under the public importance exception, the Declaratory Judgment Act,[1] and as taxpayers. The Town subsequently appealed to this court, **52 which dismissed the appeal as not immediately appealable. Thereafter, the Town sought certiorari from the supreme court, which denied certiorari on the same ground.
In April 2014, the case proceeded to a bench trial. There, Robert Frank, a registered land surveyor, testified the 1994 Forest Service letter referred to a different strip of land than the Ten-Foot Strip. In response, Bill Wallace, the Town's administrator, noted the Town had used the letter at least seven times prior to the 2004 annexation of the Ten-Foot Strip, and that he believed the letter incorporated it. Further, Wallace stated that no one representing the Forest Service had ever objected to those annexations. Kent Prause, one of the Respondents who lived about three to four miles from the Nebo Tract, testified as to the potential future harm caused by developing the property. He noted the unique species of animals, as well as the overall use and enjoyment of the National Forest, which nearby development could threaten. Additionally, development potentially threatened the Forest Service's ability to conduct prescribed fire burnings necessary to maintain the health of the forest.
The circuit court found Respondents had standing to challenge the annexation, and the statute of limitations did not bar their claims. Reaching the merits, the court concluded the Town's 2004 annexation of the Ten-Foot Strip was void ab initio because it never received a petition from the Forest Service. As a result, the Town's 2009 annexation of the Nebo Tract lacked contiguity and was also void ab initio .
*232 The Town appealed, arguing the circuit court erred in finding: (1) Respondents had standing to challenge the annexation of the Ten-Foot Strip; (2) the Town did not have a petition requesting annexation; (3) the Town was estopped from asserting a statute of limitations defense; and (4) the statutory time period for challenging the annexation was tolled. This court found Respondents lacked standing, concluding our supreme court's jurisprudence addressing standing to challenge annexations purportedly accomplished through the 100% petition method afforded standing only to the State and to a challenger asserting "an infringement of its own proprietary interests or statutory rights." See Ex parte State ex rel. Wilson , 391 S.C. 565, 572, 707 S.E.2d 402, 406 (2011) ("Notably, **53 residents of the annexing municipality are not permitted to challenge a 100% petition annexation. Rather, '[i]n order to challenge a 100% annexation, the challenger must assert an infringement of its own proprietary interests or statutory rights.' " (quoting St. Andrews Pub. Serv. Dist. v. City Council of Charleston , 349 S.C. 602, 604, 564 S.E.2d 647, 648 (2002) )). We declined to address the Town's remaining arguments.
Our supreme court granted certiorari to determine whether Respondents had standing to challenge the Town's annexation of the Ten-Foot Strip. The supreme court held Respondents had standing, finding: (1) while the court's "jurisprudence has historically carved a narrow avenue to challenge annexations carried out under the 100% method," an annexing body arguably engaging in deceitful conduct is subject to a lawsuit challenging its compliance with the petition method used to carry out the annexation; and (2) Respondents satisfied the "future guidance" prong of the public importance exception. The supreme court then instructed this court to address the Town's remaining arguments initially presented to, but not reached by, this court.
STANDARD OF REVIEW
The present case is an action in equity. See Sloan v. Greenville Cty. , 356 S.C. 531, 544, 590 S.E.2d 338, 345-46 (Ct. App. 2003) (finding a declaratory judgment action brought by a taxpayer citizen requesting declaratory relief is an action in equity). In an appeal from an action in equity tried by a judge, an appellate court may find facts in accordance with its own view of the preponderance of the evidence. Townes Assocs., Ltd. v. City of Greenville , 266 S.C. 81, 86, 221 S.E.2d 773, 775-76 (1976). "While this standard permits a broad scope of review, an appellate court will not disregard the findings of the [circuit] court, which saw and heard the witnesses and was in a better position to evaluate their credibility." Buffington v. T.O.E. Enters. , 383 S.C. 388, 391, 680 S.E.2d 289, 290 (2009).
LAW/ANALYSIS
I. Annexation Petition
The Town argues the circuit court erred in finding: (1) there was no petition for the annexation of the Ten-Foot Strip, and **54 (2) the Town falsely claimed it had a proper petition for the annexation. We disagree.
Section 5-3-150 of the South Carolina Code (2004) sets forth the requirements for an annexation when either all or 75% of the landowners sign a petition to be annexed. Pursuant to the 75% method, a municipality is permitted to annex property with the consent of less than all of the persons who own property in the annexed area. § 5-3-150(1). Pursuant to the 100% method, a municipality is allowed to annex property upon the signature of all persons who own real estate in the annexed area. § 5-3-150(3).
The circuit court determined the Town's annexation of the Ten-Foot Strip never occurred because the Town never received a petition from the Forest Service requesting annexation. The court further held the 1994 letter was not a petition and did not contain a valid legal description of any property.
On appeal, the Town asserts section 5-3-150(3) does not mandate a particular form of a petition, and the court "superimpose[ed] certain requirements that are expressly confined to § 5-3-150(1)." Specifically, the Town takes issue with the circuit court's reliance on the trial testimony of land surveyor Robert *233 Frank in finding the 1994 letter "does not even contain a valid legal description of any property and is too vague to describe any identifiable strip." The Town contends section 5-3-150(2)[2] specifically provides that the substantive requirement of a legal description of the area to be annexed applies only to proceedings under section 5-3-150(1). The town further contends it did not have the burden of establishing that the Ten-Foot Strip was among the lands described in the 1994 letter. See Ballenger v. City of Inman , 336 S.C. 126, 131, 518 S.E.2d 824, 827 (Ct. App. 1999) ("The burden is upon the party attacking the annexation to show that there has not been a compliance with the law.").
We find the circuit court properly determined there was no petition requesting annexation as required by section 5-3-150(3). As the circuit court noted, pursuant to **55 section 5-3-150(3), an annexation is complete only upon the acceptance of a petition requesting annexation. Here, the Town never received anything from the Forest Service requesting annexation of the Ten-Foot Strip. The 1994 letter the Town used as a petition referenced three specific strips of land described by their borders. Expert witness Frank testified none of the strips described in the 1994 letter were the Ten-Foot Strip. The Town argues that by referring to this testimony, the court imposed stricter requirements for annexation petitions than those found in section 5-3-150(3). We disagree. It is necessary that an actual petition for annexation exist and that the petition at the very least identify the property proposed for annexation. Based on the expert testimony in evidence, we find the 1994 letter failed to do so.
II. Statute of Limitations
The Town argues the circuit court erred in finding it was estopped from asserting a statute of limitations defense. In addition, the Town contends the circuit court erred in finding the statutory time period for challenging the 2004 annexation was tolled. We disagree.
Pursuant to section 5-3-270 of the South Carolina Code,
[w]hen the limits of a municipality are ordered extended, no contest thereabout shall be allowed unless the person interested therein files, within sixty days after the result has been published or declared, with both the clerk of the municipality and the clerk of court of the county in which the municipality is located, a notice of his intention to contest the extension, nor unless, within ninety days from the time the result has been published or declared an action is begun and the original summons and complaint filed with the clerk of court of the county in which the municipality is located.
S.C. Code Ann. § 5-3-270 (2004).
The circuit court held that despite the Town's contention that Respondents missed the 90-day deadline to challenge the annexations of the Ten-Foot Strip and the Nebo Church Tract, "it is axiomatic that the passage of time cannot transform a void and unauthorized annexation into a valid one." The circuit court noted statutes of limitation are not automatic bars to **56 claims; rather, they are affirmative defenses that can be waived and are subject to equitable doctrines, including estoppel and tolling. The court found both doctrines apply here. The court held Respondents have shown the Town had unclean hands in issuing the annexation ordinance for the Ten-Foot Strip because the Town falsely claimed the Forest Service had filed a proper petition for annexation. Moreover, the court noted the Town did not notify Charleston County it had assumed control over the Ten-Foot Strip and Nebo Church Tract until October 2009, five years after the alleged annexations were consummated. The circuit court found that given the Town's misrepresentation and failure to provide notice *234 regarding the annexations, it was estopped from asserting a statute of limitations defense and the time period for challenging the 2004 annexations was tolled.
On appeal, the Town argues the circuit court erred in finding it was estopped from asserting a statute of limitations defense where Respondents failed to plead and prove the elements of equitable estoppel. Conversely, Respondents contend their claims were not barred by the statute of limitations where the 2004 annexations were void and the Town engaged in intentionally deceitful conduct.
We find the circuit court did not err in holding the Town was estopped from asserting a statute of limitations defense and the statutory time period for challenging the 2004 annexation was tolled. We do not believe there was a valid annexation of the Ten-Foot Strip due to the Town's deceitful conduct (i.e., its false statement that it had received a petition from the Forest Service). Furthermore, we find Respondents' challenge to the purported annexations was not barred by the statute of limitations because the passage of time cannot transform a void annexation into a valid one. See Bostick v. City of Beaufort , 307 S.C. 347, 350, 415 S.E.2d 389, 391 (1992) (holding a "fatally flawed" annexation petition renders an annexation ordinance "a nullity upon origination," and cannot be retroactively validated).
Accordingly, the decision of the circuit court is
AFFIRMED.
WILLIAMS and MCDONALD, JJ., concur.

S.C. Code Ann. Code Ann. § 15-53-30 (2005).

"The conditions relating to petitions set forth in this section apply only to the alternate method of annexation as defined in subsection (1) of this section." § 5-3-150(2). Subsection (1) addresses the 75% petition method.