# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

City of Charleston, Appellant,

v.

City of North Charleston and Millbrook Plantation, LLC,
Respondents.

AND

Millbrook Plantation, LLC, Plaintiff,

v.

City of Charleston, Defendant.

AND

City of Charleston, Plaintiff,

v.

City of North Charleston and Millbrook Plantation, LLC,
Defendants.

Appellate Case No. 2019-000903

Appeal From Charleston County
Eugene C. Griffith, Circuit Court Judge

Opinion No. 5966
Heard October 11, 2022 – Filed February 1, 2023

**AFFIRMED**

Frances Isaac Cantwell, of City of Charleston Legal Department; Julia Parker Copeland, of Hinchey Murray & Pagliarini, LLC; and Wilbur E. Johnson and Russell Grainger Hines, both of Clement Rivers, LLP, all of Charleston, all for Appellant.

Bruce E. Miller, of Bruce E. Miller, P.A., of Charleston, for Respondent Millbrook Plantation, LLC.

Derk Van Raalte, IV, of City of North Charleston Legal Department; and J. Brady Hair, of Law Office of J. Brady Hair, both of North Charleston, for Respondent City of North Charleston.

**WILLIAMS, C.J.:**  This appeal arises from three consolidated actions[1] challenging cross-annexations by Appellant City of Charleston (Charleston) and Respondent City of North Charleston (North Charleston) of certain real property (Parcel 006) owned by Respondent Millbrook Plantation, LLC (Millbrook). Charleston argues the circuit court erred in concluding: (1) Charleston lacked standing to challenge North Charleston's annexation of Parcel 006 because North Charleston's 2017 Ordinance did not annex property previously annexed in 2005 (Parcel 006-1) and (2) the Supreme Court of South Carolina has declined to adopt the "prior jurisdiction doctrine."  We affirm.

**FACTS/PROCEDURAL HISTORY**

Parcel 006 consists of approximately thirty-one acres of real property located on South Carolina Highway 61 in Charleston County.  On May 10, 2005, Charleston adopted an ordinance (the 2005 Ordinance) annexing the portion of Parcel 006 located within 100 feet of Highway 61 (Parcel 006-1).  On December 19, 2017, Charleston began the annexation of the remainder of Parcel 006 (the Charleston Ordinance) by accepting an annexation petition under the "75% Annexation

---

[1] These actions are individually designated as Case Nos. 2018-CP-10-0846 ("*Millbrook I*"); 2018- CP-10-2131 ("*Millbrook II*"); and 2018-CP-10-2539 ("*Millbrook III*").

Method" pursuant to subsection 5-3-150(1) of the South Carolina Code (2004) and voting to have a public hearing on the petition.

Two days later, North Charleston gave first reading to its petition to annex Parcel 006 (the 2017 Ordinance) under the "100% Annexation Method" of subsection 5-3-150(3), which was adopted seven days later. The 2017 Ordinance's property description unintentionally included Parcel 006-1, which Charleston previously annexed in 2005. Weeks later, on January 23, 2018, Charleston City Council held a public hearing and gave first reading to the Charleston Ordinance, which attempted to annex the same parcel North Charleston annexed the prior month.

At the time North Charleston drafted the 2017 Ordinance, Charleston County records did not reflect the existence of Parcel 006-1. Therefore, on March 15, 2018, North Charleston gave first reading to the 2018 Ordinance, purporting to clarify the 2017 Ordinance's legal description by discounting any perceived intent to annex Parcel 006-1 and reaffirming its intent to annex only the remainder of Parcel 006. The 2018 Ordinance states in part:

> The City of North Charleston recently annexed Parcel TMS #361-00-00-006. The clearly expressed intent of the ordinance was to annex only this parcel. Based upon then-existing Charleston County TMS mapping data[,] the map and legal description described Parcel 361-00-00-006 as extending all the way to Ashley River Road. County TMS mapping data has recently been corrected to reflect the existence of a sub-parcel. 361-00-00-006-1. This sub-parcel is a 100' deep strip of land along the side of Ashley River Road. Based on updated County records[,] it appears that this sub-parcel was annexed into the City of Charleston in 2005. Obviously, it was North Charleston's intent to annex unincorporated parcel 361-00-00-006, not annex property already within the jurisdiction of any another City. The attached ordinance would amend Ordinance 2017-083 to make the boundaries consistent with this intent and consistent with the now corrected County data.

On March 22, 2018, North Charleston adopted the 2018 Ordinance. Five days later, Charleston filed the summons and complaint in *Millbrook I*, asserting that the 2017 Ordinance was invalid because (1) the 2017 Ordinance illegally included

Parcel 006-1 and (2) Charleston took the first step to annex the remainder of Parcel 006 before North Charleston, entitling Charleston to proceed with its annexation without interference pursuant to the "prior pending jurisdiction rule." Additionally, Charleston City Council adopted the Charleston Ordinance on April 10, 2018. Shortly thereafter, Millbrook filed the summons and complaint in *Millbrook II* challenging the Charleston Ordinance.

On May 18, 2018, Charleston filed the summons and complaint in *Millbrook III* challenging the 2018 Ordinance adopted by North Charleston. Charleston alleged in *Millbrook III* that it obtained prior jurisdiction over Parcel 006 based upon the "prior pending proceedings rule . . . by accepting the annexation petition, holding a public hearing, and giving first reading to the ordinance annexing [Parcel 006] into the City prior to North Charleston's beginning the process of passing [the 2018 Ordinance]." Further, Charleston alleged the 2018 Ordinance could not cure the substantive defect contained in the 2017 Ordinance's legal description incorporating Parcel 006-1.

Millbrook moved to dismiss *Millbrook I* and *Millbrook III*, arguing Charleston lacked standing to challenge a 100% annexation petition. The circuit court granted Millbrook's motion to dismiss and held Millbrook's annexation into North Charleston was complete on December 28, 2017, upon the enactment of the 2017 Ordinance. The circuit court stated our supreme court has ruled that a municipality has no standing to challenge a 100% annexation petition and the only non-statutory party that may challenge a municipal annexation is the State through a *quo warranto* action. Charleston acknowledged that the State has not challenged either the 2017 or the 2018 Ordinance. Furthermore, the circuit court examined the language of the 2017 Ordinance and found it never made any claim to annex Parcel 006-1 and thus did not attempt to annex it. Lastly, the circuit court held our supreme court declined to adopt the prior pending proceedings rule in *City of Columbia v. Town of Irmo* and likewise declined to do so. *See* 316 S.C. 193, 447 S.E.2d 855 (1994). As a result, the circuit court found North Charleston's 2017 Ordinance properly annexed Parcel 006 on December 28, 2017, and Charleston had no standing to challenge this annexation.

## ISSUES ON APPEAL

I. Did the circuit court err in concluding North Charleston's 2017 Ordinance did not intend to annex Parcel 006-1?

II.     Did the circuit court err in concluding the Supreme Court of South Carolina has declined to adopt the prior jurisdiction doctrine?

## STANDARD OF REVIEW

"In reviewing the dismissal of a claim for failure to state facts sufficient to constitute a cause of action under Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court." *Sloan Constr. Co. v. Southco Grassing, Inc*., 377 S.C. 108, 112, 659 S.E.2d 158, 161 (2008).

> A ruling on a 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint and the motion cannot be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case.

*Toussaint v. Ham*, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987).  "The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007).

## LAW/ANALYSIS

### I.     Statutory Standing

Charleston argues it possesses standing to challenge North Charleston's annexation of Parcel 006 as the 2017 and 2018 Ordinances infringe upon its "proprietary interests or statutory rights" because the 2017 Ordinance included Parcel 006-1, which was annexed into Charleston in 2005.  Charleston relies on *Bostick v. City of Beaufort* in arguing that the 2017 Ordinance was fatally flawed because the inaccuracies in the description of the proposed property to be annexed created a substantive defect that could not be corrected through a subsequent ordinance.  *See* 307 S.C. 347, 350, 415 S.E.2d 389, 391 (1992).  We disagree.

Our supreme court in *Bostick* held:

> Procedural or technical deficiencies in an ordinance may be corrected by a subsequent ordinance, but not

substantive defects.  We conclude that omission of the date from two of the petitions constituted a technical flaw in Ordinance 0-07-89.  This flaw was corrected by Ordinance 0-31-89, which effectively ratified the valid portion of Ordinance 0-07-89.  Conversely, the omission of descriptions for the area to be annexed and failure to also shade such property on the plat which shows shaded the area to be annexed is a substantive defect in the petitions.  We find that Ordinance 0-07-89 was fatally flawed from its inception as to annexation of the Bosticks' property.

307 S.C. at 350, 415 S.E.2d at 391.  The court specifically referenced the property description requirement of subsection 5-3-150(1), which states, "*The petition shall contain a description of the area to be annexed and there shall be attached to the petition a plat of the area to be annexed . . . .*"  *Bostick*, 307 S.C. at 349–50, 415 S.E.2d at 391.  Therefore, the court found the *omission* of the property description for the area to be annexed and the failure to show this area on the plat was substantive because it was in direct contravention of subsection 5-3-150(1)'s statutory requirements.

Here, the 2017 Ordinance does not omit the property description but inadvertently incorporates Parcel 006-1 (a parcel that did not exist at the time North Charleston drafted the 2017 Ordinance).  Subsection 5-3-150(1) requires that "the petition must contain a description of the area to be annexed and there must be attached to the petition a plat of the area to be annexed."  S.C. Code Ann. § 5-3-150(1) (2004).  The record demonstrates that North Charleston sufficiently complied with both of subsection 5-3-150(1)'s requirements by including a description of the property to be annexed and attaching a plat of the area.  North Charleston's inadvertent inclusion of Parcel 006-1 based upon then existing county information was a technical deficiency capable of correction by the 2018 Ordinance.  *See Bostick*, 307 S.C. at 350, 415 S.E.2d at 391; *see also* 62 C.J.S. Municipal Corporations § 102 ("[W]here a statute or ordinance so requires, a map, plan, or plat must be filed or recorded and approved by municipal or other authorities.  A substantial compliance with the statutes is sufficient."); § 8:33 Boundary changes—Procedures, 1 Local Government Law § 8:33 ("Courts have generally held that a description which conforms substantially to the provisions of the pertinent statute suffices, allowing leeway for slight or trivial errors . . . .").  Further, South Carolina does not require scientific precision when describing property in other property disputes.  *See Hoyler v. State*, 428 S.C. 279, 295, 833 S.E.2d 845, 853–54 (Ct.

App. 2019) ("While a property description need not be perfect, it must allow one examining it to identify the property conveyed; otherwise, the conveyance is void.").

We therefore affirm the circuit court's finding that the 2017 Ordinance was lawful as it did not attempt to annex Parcel 006-1 but, instead, attempted to clarify its intent to annex only Parcel 006. Consequently, Charleston's argument that it possesses standing based on infringement of its statutory and proprietary rights is moot. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when a prior issue was dispositive); *Ex parte State ex rel. Wilson*, 391 S.C. 565, 572, 707 S.E.2d 402, 406 (2011) ("The 100% petition method provides neither an express notice provision nor an authorization for third parties to challenge the annexation. . . . Rather, '[i]n order to challenge a 100% annexation, the challenger must assert an infringement of its own proprietary interests or statutory rights.'" (quoting *St. Andrews Pub. Serv. Dist. v. City Council of Charleston*, 349 S.C. 602, 604, 564 S.E.2d 647, 648 (2002))); *id.* at 573–74, 707 S.E.2d at 407 ("The ordinance recites that the annexation was achieved using the 100% petition method. If we went behind that assertion without a proper plaintiff, we would be inviting a sliding scale for standing: the more meritorious a claim appears, the more relaxed the standing requirement would be. We rejected such reasoning when we overruled *Quinn v. City of Columbia*.").

## II.    Prior jurisdiction doctrine

Charleston argues that before North Charleston gave first reading to either the 2017 Ordinance or the 2018 Ordinance, Charleston's City Council already accepted a petition to annex Parcel 006 and ordered a public hearing on the matter. According to Charleston, under the common law "prior jurisdiction doctrine" also called the "prior pending proceedings rule," this entitled Charleston to complete the annexation without interference. However, our supreme court has previously declined to address whether these common law doctrines apply in South Carolina. *See City of Columbia v. Town of Irmo*, 316 S.C. 193, 196, 447 S.E.2d 855, 857 (1994) ("We *decline to reach the issue* of whether the 'prior pending proceedings' rule *should be adopted by this Court*." (emphases added)). As such, the circuit court did not err in holding that Charleston lacks current or existing precedent supporting this alternative argument for standing.

Based on the foregoing analysis, the circuit court is

**AFFIRMED.**

**THOMAS, J., and LOCKEMY, A.J., concur.**