**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

R. Kent Porth and Panorama Point, LLC, Appellants,

v.

Robert P. Wilkins, Jr., RPW Development, Inc., Southern Visions Realty, Inc., and Consolidated Multiple Listing Service, Inc., Respondents,

Appellate Case No. 2021-000597

———————

Appeal From Lexington County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-053
Heard December 5, 2023 – Filed February 14, 2024

———————

**AFFIRMED**

———————

Clarence Davis, of Griffin | Davis, of Columbia, for Appellants.

Eric Steven Bland, of Bland Richter, LLP, of Lexington; Scott Michael Mongillo and Ronald L. Richter, Jr., both of Bland Richter, LLP, of Charleston; and Steven Raymond Kropski and David W. Overstreet, both of Earhart Overstreet, LLC, of Charleston; all for Respondents.

PER CURIAM: This matter concerns a dispute between parties relating to the development and sale of R. Kent Porth and Panorama Point, LLC's (collectively Appellants) property (the Property). Appellants appeal the circuit court's order granting Robert P. Wilkins, Jr., RPW Development, Inc., and Southern Vision Realty, Inc.'s (collectively, Respondents) Motion to Dismiss Appellants' Complaint. We affirm.

1. Appellants argue the circuit court erred by (1) failing to find Appellants did not discover claims against Respondents until 2017; (2) finding Appellants were charged with knowledge of the law; and (3) failing to find that Appellants' reliance on Respondent Wilkins's status as an attorney was a reasonable basis to not perform due diligence. We find none of Appellants' arguments would bar the running of the statute of limitations and, if Appellants' claims are actions at law, they are barred by the statute of limitations. *See Moates v. Bobb*, 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct. App. 1996) ("Statutes of limitations embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs."); *id.* ("One purpose of a statute of limitations is 'to relieve the courts "of the burden of trying stale claims when a plaintiff has slept on his rights."'" (quoting *McKinney v. CSX Transp., Inc.*, 298 S.C. 47, 49–50, 378 S.E.2d 69, 70 (Ct. App. 1989))); *id.* ("Another purpose of a statute of limitations is to protect potential defendants from protracted fear of litigation."); *Carolina Marine Handling, Inc. v. Lasch*, 363 S.C. 169, 175, 609 S.E.2d 548, 552 (Ct. App. 2005) ("The cornerstone policy consideration underlying statutes of limitations is the laudable goal of law to promote and achieve finality in litigation."); S.C. Code Ann. § 15-3-530 (2005) (stating the statute of limitations for Appellants' claims is three years); *Gibson v. Bank of Am., N.A.*, 383 S.C. 399, 405–06, 680 S.E.2d 778, 782 (Ct. App. 2009) ("[T]he applicable limitations period for a negligence claim . . . begins to run when the plaintiff 'knew **or by the exercise of reasonable diligence** should have known that he had a cause of action.'" (emphasis in original) (quoting S.C. Code Ann. § 15-3-535 (2005))); *id.* at 406, 680 S.E.2d at 782 ("[T]he clock starts running when the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some claim against another party might exist."); *id.* ("[T]he limitations period 'begins to run when a person **could or should have known**, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto.'" (emphasis in original) (quoting *Burgess v. Am. Cancer Soc'y, S.C. Div., Inc.*, 300

S.C. 182, 186, 386 S.E.2d 798, 800 (Ct. App 1989)); *Grillo v. Speedrite Prods., Inc.*, 340 S.C. 498, 503, 532 S.E.2d 1, 3 (Ct. App. 2000) ("Under section 15-3-535, the statute of limitations is triggered not merely by knowledge of an injury, but by knowledge of facts, diligently acquired, sufficient to put a person on notice of the existence of a cause of action against another."); *id.* ("The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory developed." (quoting *Snell v. Columbia Gun Exch. Inc.,* 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981))); *City of Newberry v. Newberry Elec. Co-op., Inc.*, 387 S.C. 254, 264 n.4, 692 S.E.2d 510, n.4 515 (2010) (Kittredge, J., dissenting) ("Misinterpretation of the law does not toll the statute of limitations."). The complaint makes clear Appellants were heavily involved in the sale and development of the Property. Appellants' complaint outlines events that occurred more than three years prior to Appellants filing their complaint that would put them on inquiry notice, if not actual notice, that they may have a cause of action against Respondents.

2. Appellants argue that Respondents are equitably barred from raising a statute of limitations defense. We disagree. First, the unclean hands doctrine "precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant." *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998). Second, Appellants' reliance on *Vicary v. Town of Awendaw*, 427 S.C. 48, 828 S.E.2d 229 (Ct. App. 2019), to assert a court may equitably bar Respondents' statute of limitations defense is misplaced because *Vicary*'s holding is limited to challenges to void annexations. *See id.* at 56, 828 S.E.2d at 234 (holding the annexation ordinance was not valid because of the town's deceitful conduct and the "challenge to the purported annexations was not barred by the statute of limitations because the passage of time cannot transform a void annexation into a valid one"). Third, the circuit court did not err by failing to equitably toll the statute of limitations. *See Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("'Tolling' refers to suspending or stopping the running of a statute of limitations; it is analogous to a clock stopping, then restarting." (quoting 51 Am. Jur. 2d *Limitation of Actions* § 169 (2000))); *id.* ("Tolling may either temporarily suspend the running of the limitations period or delay the start of the limitations period." (quoting *Limitation of Actions* § 169)). Appellants failed to show they were prevented from timely serving the summons and complaint by an event beyond their control. *See id.* ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use."); *id.* at 116, 687 S.E.2d at 32 ("It has been observed that '[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an

extraordinary event beyond his or her control.'" (alteration in original) (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004))).

3.  Appellants argue the circuit court erred by (1) holding Appellants' breach of fiduciary duty claims were not equitable and were not exempt from a statute of limitations defense and (2) holding laches applied to Appellants' allegations.  We disagree.  If the claims are equitable, they are barred by laches.  *See Hallums v. Hallums*, 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988) ("Laches is neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done."); *Chambers of S.C., Inc. v. Cnty. Counsel for Lee Cnty.*, 315 S.C. 418, 421, 434 S.E.2d 279, 280 (1993) ("Under the doctrine of laches, if a party, knowing his rights, does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights.").  When asserting laches, a party must establish there was prejudice.  *See Robinson v. Est. of Harris*, 389 S.C. 360, 372, 698 S.E.2d 801, 807 (2010) ("The party seeking to establish laches must show: (1) a delay, (2) that was unreasonable under the circumstances, and (3) prejudice.").  As stated previously, Appellants' complaint makes clear Appellants were heavily involved in the sale and development of the Property.  Appellants sought disgorgement of commissions and development fees from a culmination of over thirteen years of Respondents' developing and selling the Property.  Appellants sat on their rights to challenge Respondents' alleged breach of fiduciary duty while Respondents continued to expend their efforts on Appellants' behalf and Appellants benefited from Respondents' services, gaining over $6 million in profit.  In addition, Respondents are prejudiced because real estate agents are only required to maintain business transaction records for a period of five years and the vast majority of these transactions occurred more than five years from the initiation of this action.  *See* S.C. Code Ann. § 40-57-135(D)(1) (2011).

4.  Appellants argue the circuit court erred by considering documents outside of the records and taking judicial notice of the public record to establish Appellants' knowledge of facts triggering the statute of limitations.  Though the law provides that a Rule 12(b)(6), SCRCP motion will not become a summary judgment if a party attaches documents to a complaint or incorporates them by reference and that a party may not benefit from failing to attach documents that are incorporated by reference, *see Brazell v. Windsor*, 384 S.C. 512, 516, 682 S.E.2d 824, 826 (2009), we need not address this argument because the complaint outlines events beyond the three year limitations period that would put Appellants on inquiry notice, if not actual notice, that they may have a cause of action against Respondents.

5.  Appellants argue the circuit court erred by holding sections 40-57-135, -137, and -139 of the South Carolina Code (2011) do not provide for private causes of action for breach of fiduciary duties.  We disagree.  *See Doe v. Marion*, 373 S.C. 390, 397, 645 S.E.2d 245, 248 (2007) ("When a statute does not specifically create a private cause of action, one can be implied only if the legislation was enacted for the special benefit of a private party.").  Furthermore, these statutes do not entitle Appellants to complete disgorgement in this circumstance.  Disgorgement has only been awarded in very specific circumstances.  *See Darby v. Furman Co.*, 334 S.C. 343, 513 S.E.2d 848 (1999) (awarding disgorgement where real estate broker assisted a seller in the sale of a property to a buyer in which the broker had an ownership interest).  *Darby* is distinguishable because Appellants did not allege Respondents were purchasers of the Property.

6.  We need not address Appellants' remaining arguments as the resolution of the statute of limitations and laches issues is dispositive of these arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**AFFIRMED.**

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**